UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERIZON ONLINE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>BRANDYWINE COMMUNICATIONS<br>TECHNOLOGIES, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Verizon Online LLC ("Verizon"), through the undersigned attorneys, alleges the

following for its Complaint against Defendant Brandywine Communications Technologies, LLC

("Brandywine"):

## NATURE OF THE ACTION

1.    This is an action seeking a declaration that (1) Verizon does not infringe either of U.S.

Patent No. 6,970,501 ("the '501 patent") and U.S. Patent No. 7,894,472 ("the '472 patent")

(collectively, "the patents-in-suit") by practicing ITU standards for xDSL technology by selling,

offering to sell, making, using or importing services that implement one or more of the ITU

xDSL standards; and (2) that the patents-in-suit are invalid under one or more sections of 35

U.S.C. §§ 100, *et seq.*.

## THE PARTIES

2.    Verizon Online LLC is a limited liability company formed in Delaware.  Verizon Online

LLC has a principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia

20147, and  is qualified to do business in the Commonwealth of Pennsylvania.  Verizon Online

LLC offers services such as Verizon High Speed Internet ("HSI") to the public in certain geographical areas of the United States.

3.      On information and belief, Brandywine is a Delaware corporation with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085.  On information and belief, Brandywine is a patent holding company that is in the business of enforcing patent rights through the filing of various lawsuits.

## JURISDICTION AND VENUE

4.      This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. §§ 100, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).  As set forth further below, this matter presents an actual case or controversy and serves the purpose of resolving the legal rights of the parties.

5.      This Court has personal jurisdiction over Brandywine because Brandywine has maintained continuous and systematic contacts with the Commonwealth of Pennsylvania, and Brandywine has purposefully availed itself of the benefits and protections of the laws of the Commonwealth of Pennsylvania, by *inter alia*, having its principal place of business in this jurisdiction and the fact that Brandywine shares a location with John T. Meli, Jr., who is, on information and belief, the sole shareholder and director of Brandywine.

6.      There is an actual and justiciable controversy between Verizon and Brandywine. Specifically, Brandywine filed a complaint against Verizon Communications Inc. ("VCI") in the United States District Court for the Middle District of Florida on or about August 12, 2011.  That case is styled *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.*, No. 6:11-cv-001344-CEH-DAB and is currently pending.  In its Complaint in that case,

Brandywine alleged that VCI is infringing seven patents, including the '501 and '472 patents, through its provision of Verizon HSI Service. Because VCI is a holding company that does not offer any services to the public, and otherwise has no substantial connections with the State of Florida, VCI has moved to dismiss that litigation for lack of personal jurisdiction, and that motion to dismiss is currently pending.

7.      Brandywine told VCI that Verizon's alleged use of certain xDSL standards infringed the patents-in-suit because it allegedly follows ITU standards such as G.991.1, G.991.2, G.992.1, G.992.2, G.993.2, G.994.1, and G.997.1. Brandywine demanded that Verizon pay it a royalty for what Brandywine perceived as an infringement of each of the seven patents, including the '501 and '472 patents.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

## COUNT I
### (Declaratory Judgment of No Infringement of the '501 Patent)

9.      Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

10.     Notwithstanding Brandywine's actual or implicit claim that the '501 patent is essential to practicing one or more of the ITU standards related to xDSL technology, Verizon does not infringe any claim of the '501 patent, directly or indirectly, by providing services on xDSL networks pursuant to one or more of the following standards: G.991.1, G.991.2, G.992.1, G.992.2, G.993.2, G.994.1, and G.997.1.

11.     Therefore, Verizon is entitled to a declaratory judgment that it does not infringe any claim of the '501 patent.

## COUNT II
### (Declaratory Judgment of Invalidity of the '501 Patent)

12.     Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

13.     Each of the claims of the '501 patent is invalid under Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112.

14.     Therefore, Verizon is entitled to a declaration that the claims of the '501 patent are invalid.

## COUNT III
### (Declaratory Judgment of No Infringement of the '472 Patent)

15.     Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

16.     Notwithstanding Brandywine's actual or implicit claim that the '472 patent is essential to practicing one or more of the ITU standards related to xDSL technology, Verizon does not infringe any claim of the '472 patent, directly or indirectly, by providing services on xDSL networks pursuant to one or more of the following standards: G.991.1, G.991.2, G.992.1, G.992.2, G.993.2, G.994.1, and G.997.1.

17.     Therefore, Verizon is entitled to a declaratory judgment that it does not infringe any claim of the '472 patent.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '472 Patent)

18.     Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

19.     Each of the claims of the '472 patent is invalid under Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112.

20.     Therefore, Verizon is entitled to a declaration the claims of the '472 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Verizon respectfully requests that this Court enter judgment in its favor as follows:

   A.     declare that Verizon has not directly infringed any claim of the '501 and '472 patents;

B.   declare that Verizon has not induced infringement of any claim of the '501 and '472 patents;

C.   declare that Verizon has not contributorily infringed any claim of the '501 and '472 patents;

D.   declare that the claims of the '501 and '472  patents are invalid;

E.   award Verizon its costs and expenses in connection with this lawsuit; and

F.   award Verizon any further and additional relief that this Court deems just and proper.

Dated: February 13, 2012                         WINSTON & STRAWN LLP

By:   _____

Kevin A. Keeling
PA Bar No. 92075
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242
Tel: (713) 651-2600
Fax: (713) 651-2700

Charles B. Molster, III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20006
Tel: (202) 282-5988
Fax: (202) 282-5100
cmolster@winston.com

Andrew R. Sommer
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20006
Tel: (202) 282-5896
Fax: (202) 282-5100
asommer@winston.com